Andrew B. Downs, Nevada Bar No. 8052
E-Mail: andy.downs@bullivant.com
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California  94108
Telephone: 415.352.2700
Facsimile: 415.352.2701

Kristol Bradley Ginapp, Nevada Bar No.  8468
E-Mail: kristol.ginapp@bullivant.com
BULLIVANT HOUSER BAILEY PC
3883 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada  89169
Telephone:  702.669.3600
Facsimile:  702.650.2995

Attorneys for Defendant Hartford Casualty
Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GCI NUTRIENTS (USA), INC.,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Case No.: 2:11-cv-00639-JCM-GWF |

**STIPULATED PROTECTIVE ORDER**

Plaintiff GCI Nutrients (USA), Inc. and defendant Hartford Casualty Insurance Company stipulate and request that the court enter the Protective Order which follows below. This request is made in order to protect proprietary information of both parties which both parties intend to disclose or which they anticipate may be the subject of discovery during the course of this action.

– 1 –

DATED: June 14, 2011

BULLIVANT HOUSER BAILEY PC

By /s/ Andrew B. Downs
    Andrew B. Downs
    Nevada Bar No. 8052
    Kristol Bradley Ginapp
    Nevada Bar No. 8468

Attorneys for Defendant Hartford Casualty Insurance Company

DATED: June 14, 2011

JOLLEY URGA WIRTH WOODBURY & STANDISH

By /s/ David J. Malley (by e-mail auth. ABD)
    William R. Urga
    Nevada Bar No. 1195
    David J. Malley,
    Nevada Bar No. 8171

Attorneys for Plaintiff GCI Nutrients (USA), Inc.

## PROTECTIVE ORDER

The parties having stipulated, and good cause appearing,

IT IS HEREBY ORDERED as follows:

1. Each of the parties to this action may designate any document (regardless of the form in which it is maintained) or deposition testimony as "CONFIDENTIAL" In order to facilitate this process, all documents produced by each of the parties to this action shall be Bates Numbered prior to production.

2. The designation of a document or testimony as CONFIDENTIAL shall be made in the following manner:

    (a) For documents produced in paper or imaged format: (i) By labeling or branding each page to be protected as "CONFIDENTIAL"; or (ii) For documents designated

subsequent to production by communicating to all counsel via letter or e-mail both the designation and the Bates Number(s) of the designated document(s), plus within ten business days of the designation, supplying new copies of those documents which are labeled and branded with the appropriate designation.

        (b)    For materials produced in electronic format, other than in imaged format: (i) By communicating to all counsel by letter or e-mail the designation; and (ii) If feasible, by noting the designation on the media on which the materials are produced.

        (c)    For deposition testimony:  (i) During the deposition, by statement on the record at the outset of the applicable portion of testimony of the designation, followed by a statement on the record at the conclusion of the designated testimony; or (ii) After the deposition by communicating to all counsel and the court reporter via letter or e-mail the page and line ranges to be designated.

3.    Documents and testimony designated as CONFIDENTIAL may be disclosed and used as follows:

        (a)    To counsel of record for each of the parties.  Counsel of record shall include the staffs of each of the counsel.

        (b)    To the parties and their employees, managers and principals, provided those persons execute the consent to be bound which appears as Exhibit A to this Order.

        (c)    To persons or entities retained as expert consultants and/or expert witnesses by any of the parties to this action, provided those persons execute the consent to be bound which appears as Exhibit A to this Order.

        (d)    To Court Reporters and their staffs.

4.    Documents and testimony designated as CONFIDENTIAL may be used in depositions and may be marked as exhibits in those depositions.  At the time that a confidential document is first used in a particular deposition, the designation shall be stated on the record and a copy of this Order shall be provided to the Court Reporter.

5.    Documents and testimony designated as CONFIDENTIAL may be used in connection with motions including, but not limited to motions made pursuant to paragraph 7 of

this Order. At the time of filing such documents with the Court, the party filing the document shall file the document under seal. Wherever possible, counsel shall file only the protected document and an appropriate cover page under seal, with the remainder of the documents being filed in the ordinary manner. Any documents filed under seal may have the sealing designation removed by further order of the Court.

6. Documents and testimony designated as CONFIDENTIAL may be used at trial under such terms and conditions as the Court may set at that time. The parties shall have available at the time of trial, clean copies of such documents which do not bear the designation of the document and shall not offer documents bearing the designation as exhibits to be shown to the jury.

7. Any party who disputes the designation attached to a particular document may file a motion with the court to challenge that designation. The filing party shall comply with Local Rule 26-7.

8. At the conclusion of this matter all documents and testimony designated as CONFIDENTIAL shall be protected as follows:

(a) All paper copies of such documents, except those used as exhibits at trial or in connection with depositions or motions shall, at the receiving party's option: (i) Be returned to the designating party; or (ii) Be destroyed in a secure fashion by the receiving party, and the receiving party shall deliver to the producing party a certificate attesting to the destruction.

(b) Electronic copies, as well as copies used as exhibits at trial or in connection with depositions or motions need not be destroyed, but the receiving party shall maintain them in a secure manner and shall not disclose them to any other person or entity without the written consent of the producing party.

9. A party who receives a subpoena or other legally enforceable request from a non-party to this case for production of any document or information protected by this Order shall, as promptly as possible notify the producing party of the request. The party receiving the subpoena has no obligation to seek a protective order or other relief, but if the producing party

– 4 –

1 seeks a protective order or other relief, the party receiving the subpoena or legally enforceable request shall not comply voluntarily with the subpoena or other legally enforceable request until the motion for protective order or other relief has been acted upon.  Production pursuant to a subpoena or other legally enforceable request shall not operate to waive the protection of this Order for any other purposes or in any other context.

      10. This Order shall survive the dismissal of this action or the entry of judgment in this matter.

DATED: June 16, 2011

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

13410470.1

\*\*\*\*\*

Bullivant|Houser|Bailey PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701

**EXHIBIT A – CONSENT TO BE BOUND**

I, _____, acknowledge receipt of a copy of the STIPULATED PROTECTIVE ORDER in Action No. 2:11-cv-00639-JCM-GWF in the United States District Court for the District of Nevada and agree to be bound by its terms.

I acknowledge that any violation of the STIPULATED PROTECTIVE ORDER by me may subject me to sanctions by the United States District Court for the District of Nevada, including, but not limited to a finding of civil contempt. By executing this Consent, I understand that I am subjecting myself to the jurisdiction of the United States District Court for the District of Nevada for the purposes of this Order only.

I also agree that a copy of this Consent shall be as enforceable as the ink signature original of this Consent.

DATED: _____

_____
Signature

**Bullivant|Houser|Bailey PC**
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701