1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6
7

| | |
|---|---|
| GCI NUTRIENTS (USA), INC., | 2:11-CV-639 JCM (GWF) |
| Plaintiff, | |
| v. | |
| HARTFORD CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

8
9
10
11
12
13
14
15

**ORDER**

16          Presently before the court is defendant Hartford Casualty Insurance Company's (hereinafter

17   "Hartford") motion to dismiss (doc. #6). Plaintiff GCI Nutrients, Inc. (hereinafter "GCI") filed an

18   opposition (doc. #9). Defendant filed a reply (doc. #10).

19          Plaintiff's complaint (doc. #1-1) is the result of defendant denying plaintiff's insurance claim

20   following the failure of swamp coolers in the plaintiff's commercial storage unit which allegedly

21   caused the spoilage of raw materials. Plaintiff allegedly suffered damages from the cost of the lost

22   inventory as well as the loss of customers and sales from the incident (doc. #1-1).

23          Plaintiff states six claims for relief in its complaint: (1) breach of contract; (2) breach of the

24   covenant of good faith and fair dealing (contractual); (3) breach of the covenant of good faith and

25   fair dealing (tortious); (4) breach of fiduciary duty; (5) violations of NRS 686A.310(1)(a)–(e), (k),

26   & (n); and (6) declaratory relief (doc. #1-1). Defendant moves to dismiss the fourth and fifth claims

27   of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. #6). Plaintiff concedes

28

**James C. Mahan**
**U.S. District Judge**

1    that the fourth claim should be dismissed in light of the authorities cited by the defendant in its

2    motion to dismiss, but opposes the dismissal of the fifth claim, and alternatively asks for leave to

3    amend the complaint if the fifth claim is dismissed (doc. #9).

4

5    **I.      MOTION TO DISMISS**.

6

7          "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

8    as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

9    1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Federal Rule of

10   Civil Procedure 8(a) requires "'a short and plain statement of the claim showing that the pleader is

11   entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds

12   upon which it rests.'" *Twombly*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

13   A plaintiff must at least provide "the 'grounds' of his 'entitle[ment] to relief' [which] requires more

14   than labels and conclusions, and a formulaic recitation of the elements of a cause of action."

15   *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are 'merely consistent' with a

16   defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to

17   relief.'" *Iqbal,* 129 S.Ct. At 1949. (citing *Twombly*, 550 U.S. at 557). However, where there are well

18   pled factual allegations, the court should assume their veracity and determine if they give rise to

19   relief. *Id.* at 1950.

20          **A.      Plaintiff's Fourth Claim – Breach of Fiduciary Duty**

21          Nevada has expressly rejected a claim for relief for breach of fiduciary duty in the insurance

22   context. *See Desert Palace, Inc. v. Ace American Ins. Co.*, 2011 WL 810235 (D. Nev. 2011)*; Martin*

23   *v. State Farm Mut. Auto. Ins. Co.*, 960 F. Supp. 233 (D. Nev. 1997); *Powers v. United Servs. Auto.*

24   *Ass'n*, 114 Nev. 690, 962 P.2d 596 (1998) (*"Powers I"*); *Powers v. United Servs. Auto. Ass'n*, 115

25   Nev. 38, 979 P.2d 1286 (1999) (*"Powers II"*). Plaintiff does not oppose the dismissal of this claim.

26   Accordingly, plaintiff's claim for breach of fiduciary duty is dismissed with prejudice.

27

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1

**B.      Plaintiff's Fifth Claim – Violations of NRS 686A.310**

2      Plaintiff alleges violations of subsections (a)–(e), (k), & (n) of NRS 686A.310(1) (doc. #1-1).

3    Defendant moves to dismiss for failure to comply with the pleading standards set forth in Federal

4    Rule of Civil Procedure 8 (doc. #6). Defendant asserts that "[a]ll GCI has done is identify the

5    sections of the statute it contends were violated. . . [without alleging] any actual violation of any

6    portion of that statute" (doc. #6). Plaintiff argues it has set forth sufficient support for a claim for the

7    violations, and that more facts will be available once discovery commences (doc. #9). This court

8    agrees with plaintiff's argument for all subsections except (k).

9      NRS 686A.310 deals with unfair practices in settling claims, and the liability of an insurer

10    for damages. In paragraph fourteen of the complaint, plaintiff sets forth "factual allegations"

11    supporting the claim for unfair practices that are "enough to raise a right to relief above the

12    speculative level." *Twombly*, 550 U.S. at 555. Defendant asserts that plaintiff merely alleges that

13    defendant denied its claim, which is insufficient under *Iqbal* (doc. #10). Defendant further forwards

14    the notion that using words from the statute such as "misrepresented," "failed to act promptly," and

15    "failed to conduct" constitute legal conclusions which may not be considered under *Twombly* (doc.

16    #10). However, plaintiff explains why the denial was in bad faith and in violation of the statute,

17    going beyond a "formulaic recitation of the elements," by providing the court with factual allegations

18    supporting each claim (doc #1-1, compl. ¶13-14).

19      Specifically, the complaint asserts several reasons why defendant's denial was in bad faith:

20    "(1) the [p]olicy provides coverage for damage to the [i]nventory caused by temperature change

21    during shipment; (2) [p]laintiff did provide information demonstrating that the damage was caused

22    by a change in temperature and, in fact, Hartford conducted its own testing of the [i]nventory but

23    failed and refused to provide the results of those tests to [p]laintiff; and (3) the denial of coverage

24    on the basis that mechanical breakdown or failure of the swamp coolers occurred prior to [p]laintiff's

25    occupancy of the warehouse is not supported by the [p]olicy" (doc. #1-1, compl. ¶14). These factual

26    allegations present a conflict with the reasons defendant provided to plaintiff for denial of coverage

27    (doc. #1-1, compl. ¶13).

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    To state a claim under subsection (a), a plaintiff must demonstrate that defendant

2    "[m]isrepresent[ed] to insureds or claimants pertinent facts or insurance policy provisions relating

3    to any coverage at issue." NRS 686A.310(1)(a). Here, a claim that is plausible on its face is stated

4    as to subsection (a), because plaintiff asserts that defendant misrepresented "pertinent facts" and

5    evidence regarding the issue of whether the damage was caused by a change in temperature, as well

6    as the extent of the coverage. Therefore, plaintiff's claim under subsection (a) survives.

7    Subsections (b)–(e) & (n) deal with the requirement for a reasonably prompt response to any

8    claim arising under an insurance policy, and the reasonable explanation required for any denial of

9    a claim or for an offer to settle or compromise the claim. *See* NRS 686A.310(1)(b)–(e), (n). Plaintiff

10   contends that it took defendant eight months to respond to plaintiff's claim, and that once the

11   response was provided, the explanation for denying the claim was insufficient. Defendant asserts that

12   it is implausible that eight months could be considered an unreasonable delay. However, alleging a

13   delay in the ten month range—along with other facts suggesting unreasonableness—can be enough

14   to survive the pleading stage and proceed to trial. *See Estate of Lomastro v. American Family Ins.*

15   *Group*, 195 P.3d 339, 351-52 (Nev. 2009) ("Based on the facts the LoMastros alleged–that American

16   Family did not promptly respond to the LoMastros' communications, that the ten-month period in

17   which it investigated the claim without affirming or denying coverage was unreasonable, and that

18   it did not provide sufficient explanation for denying the claim–there is a genuine issue of material

19   fact as to whether American Family violated the Act.").

20   Therefore, the complaint sufficiently alleges a claim that is plausible on its face for

21   subsections (b)–(e) & (n).

22   Under subsection (k), a plaintiff must establish that defendant "delay[ed] the investigation

23   or payment of claims by requiring an insured or a claimant, or the physician of either, to submit a

24   preliminary claim report, and then requiring the subsequent submission of formal proof of loss

25   forms, both of which submissions contain substantially the same information." NRS 686A.310(1)(k).

26   Plaintiff does not assert any factual allegation that it was forced to submit a preliminary claim report

27   and a subsequent submission of formal proof of loss, which contained substantially the same

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

information. Therefore, the plaintiff's claim for relief for violations under NRS 686A.310(1)(k) is dismissed without prejudice.

**II.     LEAVE TO AMEND**

Plaintiff requests leave to amend the complaint pursuant to Federal Rule of Procedure 15(a) (doc. #9). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendant asserts that amendment would be futile because plaintiff "has not described how it would amend its complaint to cure the current deficiencies"(doc. #10).

Plaintiff is required to file a motion to amend pursuant to Local Rule 15–1, and must "attach the proposed amended pleading to any motion to amend so that it will be complete in itself without reference to the superseded pleading." Further, plaintiff's "amended pleading shall include copies of all exhibits referred to in such pleading." LR 15–1.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Hartford Casualty Insurance Company's motion to dismiss (doc. #6) be, and the same hereby is, GRANTED in part, and DENIED in part.

IT IS THEREFORE ORDERED that plaintiff's fourth claim for breach of fiduciary duty and plaintiff's claim for violation of NRS 686A.310(1)(k) be, and the same hereby are, DISMISSED.

IT IS FURTHER ORDERED that plaintiff's request for leave to amend (doc. #9) be, and the same hereby is, DENIED.

DATED June 24, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 5 -